# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CONNER WRIGHT,<br><br>    Petitioner,<br><br>    v.<br><br>ROBERT A. HOREL, Warden,<br><br>    Respondent. | 1:06-cv-00925-TAG HC<br><br>ORDER DENYING MOTION TO DISMISS<br>(Doc. 9) |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on July 19, 2006. (Doc. 1). On January 24, 2008, Respondent filed the instant motion to dismiss in lieu of an answer, contending that Petitioner's claims were not fully exhausted in state court. (Doc. 9). On April 9, 2008, Petitioner filed an opposition to the motion to dismiss, contending that he had "fairly presented" the issue in question to the California Supreme Court, thus exhausting it; however, Petitioner requested in the alternative that, should the Court conclude that the issue was not exhausted, a stay should be granted to permit Petitioner to pursue exhaustion in state court. (Doc. 15).

## DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . .: Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the

motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion. .

In this case, the motion to dismiss is based on Respondent's contention that Petitioner has never exhausted his claim in the California Supreme Court. Accordingly, the Court will review the motion pursuant to its authority under Rule 4.

B.  Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S. Ct. 2546 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887 (1995); Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis), superceded by statute as stated in Williams v. Taylor, 529 U.S. 432, 434, 120 S. Ct. 1479 (2000).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.

1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

C. Petitioner's claims

The facts are not in dispute.  Respondent has lodged documents with the Court that establish that on Petitioner was sentenced to the upper term under California law, that Petitioner, citing Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), presented the issue of the legality of an upper term sentence based on judge-found facts to the California Supreme Court in his petition for review, and that on April 20, 2005 the California Supreme Court denied the petition without prejudice to any relief to which Petitioner might be entitled after the it determined the effect of the United States Supreme Court decision in Blakely, to California law.  (Lodged Documents ("LD") 3). Subsequently, in Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007), the United States Supreme Court ruled that California's determinate sentencing law was flawed in that the imposition of upper term sentences violated a defendant's Sixth and Fourteenth Amendment rights by

3

delegating to the judge rather than the jury the responsibility for finding facts justifying the upper term sentence.  Id. at 860.

    While conceding that the other eight grounds for relief in the petition are fully exhausted, Respondent contends that Petitioner's Blakely/Cunningham claim is not exhausted because Cunningham significantly changed the nature of California sentencing law and thus Petitioner should have returned to state court to obtain further relief in light of Cunningham before filing his claim in federal court.  Petitioner, understandably, believes he has done everything required of him to exhaust his claims.  However, he requests that, should the Court conclude that the Blakely/Cunningham claim is not exhausted, he should be granted a stay to return to state court and exhaust that claim.

    In Butler v. Curry, 528 F.3d 624 (9th Cir. 2008), decided subsequent to Respondent's motion to dismiss, the United States Court of Appeals for the Ninth Circuit clarified that the Cunningham decision, striking down California's determinate sentencing law, was compelled by Blakely, such that the decision as to whether a petitioner's constitutional rights herein were violated rests, as a threshold matter, on whether or not his conviction became final before Blakely, not Cunningham, was decided. Citing Teague v. Lane, 489 U.S. 288, 306, 109 S.Ct. 1060 (1989). the Ninth Circuit panel states flatly:

> Apprendi, Blakely, and Booker made "courts throughout the land" aware that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the constitutional rights of defendants. [Cunningham, supra,] at 306. No principles of comity or federalism would be served by refusing to apply this rule to functionally indistinguishable state sentencing schemes on collateral review. Cunningham thus did not announce a new rule of constitutional law and may be applied retroactively on collateral review.

Butler, 528 F. 3d at 639.

    In Butler, the District Court rejected the same argument regarding exhaustion that Respondent is now raising in this case.  In upholding the District Court's approach, the Ninth Circuit pointed out the logical fallacy in premising lack of exhaustion on a subsequent Supreme Court decision that did not effect a "new rule":

> "The State also argues that Butler's habeas petition must be dismissed for failure to exhaust, because Cunningham constitutes an intervening change in federal law that casts the legal issue in a fundamentally different light. (Citation omitted).  Before Teague, we sometimes held a habeas petition unexhausted because of changes in federal law. (Citations omitted).

///

> After <u>Teague</u>, an intervening change in federal law that casts the legal issue in a fundamentally different light is a "new rule" that cannot be applied on collateral review under any circumstances regardless of whether the petitioner has exhausted his state court remedies . . . .  Where there is no new rule announced, the state court has had a fair chance to address the issue when it was raised, and there is no reason to require further exhaustion. <u>We hold that when a petitioner raises a claim in state court that is later resolved in a case that announced no "new rule," a petitioner is not obligated to return to state court to exhaust his remedies under that case.</u>

<u>Butler</u>, 528 F.3d at 639.  (Emphasis supplied).

The parties do not dispute that Petitioner raised his <u>Blakely</u> claim in the California Supreme Court and that the claim was denied, albeit without prejudice to return at a later time.  In light of <u>Butler</u>, however, the Court must conclude that Petitioner has "fairly presented," and thus fully exhausted, his <u>Blakely</u> claim to the highest state court because, contrary to Respondent's contention, the subsequent <u>Cunningham</u> decision did not "cast Petitioner's claim in a significantly different light." (Doc. 9, p. 2).  Moreover, although <u>Blakely</u> has not been given retroactive effect like <u>Cunningham</u> to cases on collateral review, <u>Blakely</u> was decided on June 24, 2004, over a year before Petitioner's direct review became final on July 19, 2005.  Thus, <u>Blakely</u> would be applicable to Petitioner's case.

## **ORDER**

Based on the foregoing, Respondent's motion to dismiss (Doc. 9), is DENIED.

The Court will order Respondent to file an answer to the petition and will establish a briefing schedule by separate order.

IT IS SO ORDERED.

Dated:   **August 7, 2008**                               /s/ Theresa A. Goldner
                                                                         UNITED STATES MAGISTRATE JUDGE

5